LEHAN, Judge.
We affirm the trial court’s order which provided that the portion of the federal estate taxes owed upon the estate of Russell D. Smith which is attributable to the property in question in this case is payable by the recipients of the property pursuant to section 733.817(l)(e), Florida Statutes (1985).
We do not agree with the argument of appellant, who is the recipient of the property, that that portion of those taxes should not be so payable because the property was exempt homestead property subject to the provisions of section 733.-817(l)(d). Section 733.817(l)(d) provides that “[pjersons taking an interest in the homesteads shall not be liable for apportionment of taxes on account of the homesteads.” But even if the property had homestead status during the life of Russell D. Smith, which we need not decide, appellant, in our view, was not a person so “taking an interest” because his interest in the property was pursuant to a deed. Pri- or to his death Russell D. Smith had deeded the property to appellant, retaining a life estate in himself. Upon his death appellant, as remainderman, succeeded to full title to the property under the deed.
That, as appellant also argues, the property became his homestead immediately upon the death of Russell D. Smith because he had lived on the property with him and continued to live there upon and after his death is, in our view, not determinative. We conclude that the homestead status to which section 733.817(l)(d) refers is that of property while in the possession of the decedent. This conclusion is supported by the foregoing language of that section. That is, by referring to “persons taking an interest in the homesteads,” the statute refers to homestead property from which *758 an interest could be taken, which means the homestead of the decedent.
Affirmed.
SCHEB, A.C.J., and CAMPBELL, J., concur.